IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:11-cr-47 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S MOTION** |
| | ) | **FOR SUPPLEMENTAL** |
| MARC ROBERT ENGELMANN, | ) | **JUROR QUESTIONNAIRE** |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby requests that the Court order the Clerk of Court to direct prospective jurors, prior to jury selection, to complete a supplemental questionnaire pertaining to knowledge of real property transactions and mortgages.

This case, presently scheduled for trial beginning on September 6, 2011, involves accusations that defendant Engelmann and co-conspirators engaged in a scheme to defraud mortgage lenders.  Essentially, the government's evidence at trial will show that during 2005 and 2006, Darryl Hanneken and Robert Herdrich were buying up commercial rental properties in the Americana Park area of Davenport, skimming money out the transactions based on inflated, bogus sales prices.

Hanneken and Herdrich would approach a commercial rental property owner, negotiate a price (the "actual price") to purchase the owner's property, and then propose that the purchase agreement list a much higher price (the "inflated price").  Hanneken and Herdrich would apply for an inflated mortgage based on the inflated price.  After closing, unbeknownst to the mortgage lender, the seller, having been paid an inflated price for the property, would kickback to Hanneken and Herdrich the difference between the inflated and actual prices.

The scheme was assisted by a mortgage broker, a real estate agent, and others.  Prior to

the involvement of defendant Engelmann, Hanneken and Herdrich had completed several such transactions with different sellers.

Engelmann became involved as the attorney for JL, one of the sellers. Hanneken approached JL and proposed buying nine (9) rental properties owned by JL. After agreeing on actual prices, they also agreed on bogus, inflated prices. With respect to each of the nine properties, the parties drew up two agreements, one a conventional real estate purchase contract with the bogus, inflated price, and the other a "Personal Financing Agreement" that set forth the actual price and required JL to pay the difference between the actual and inflated prices to Hanneken and Herdrich after closing.

JL retained Engelmann as attorney, providing him with copies of the two different contracts for each of the properties. Engelmann, in turn, drafted two sets of closing figures, one mirrored the real estate purchase contracts, showing only the bogus, inflated prices. These were provided to the closing agent, Excel Title. The other set showed the actual prices and the kickback payments to be made to Herdrich and Hanneken. These were provided to JL but not to the closing agent or the lenders, Wells Fargo Bank and New Century Mortgage. Similarly, the parties did not divulge the Personal Financing Agreements to the lenders.

With Engelmann's assistance, the sales of the nine properties then went forward and closed. As a result, Herdrich and Hanneken received about $300,000 in kickback payments, all unbeknownst to the lenders.

In total, Hanneken and Herdrich carried out the scheme dozens of times and then defaulted on almost all the mortgages. The properties involved typically were each worth between $60,000 and $120,000, and the kickback amounts received by Hanneken and Herdrich

for each property typically ranged from $20,000 to $45,000.

Since the evidence at trial will include detailed discussion of real estate purchase transactions, financing, and closing procedures, the level of knowledge, or lack thereof, of prospective jurors concerning these matters will be important to counsel during jury selection.

In order to avoid consuming significant time at voir dire delving into this state of knowledge, it is requested that members of the venire be contacted by the Clerk of Court and directed to complete a supplemental questionnaire prior to the start of trial.  A proposed questionnaire is attached as Government's Exhibit #1.

The undersigned has contacted counsel for the defendant, who indicated he had no objection to this request.

WHEREFORE the government respectfully requests that the Court order the Clerk of Court to direct prospective jurors, prior to jury selection, to complete a  supplemental questionnaire pertaining to knowledge of real property transactions and mortgages.

          Respectfully submitted,

          Nicholas A. Klinefeldt
          United States Attorney

By:    /s/ Donald Allegro
          John D. Keller
          Donald Allegro
          Assistant United States Attorneys
          United States Courthouse, Suite 310
          131 East Fourth Street
          Davenport, Iowa  52801
          (563) 449-5432
          (563) 449-5433 fax

CERTIFICATE OF SERVICE
I hereby certify that I
electronically filed the foregoing with the Clerk
of Court using the ECF system which
will send notification of such filing to
defense counsel.

UNITED STATES ATTORNEY
By: \_\_/s/ Donald Allegro_____
     Donald Allegro