IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARC ROBERT ENGELMANN, )<br>)<br>Defendant. ) | Criminal No. 3:11-cr-47<br><br>**GOVERNMENT'S MOTION<br>IN LIMINE** |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files the following motion in limine. This motion is based on the facts as outlined in the government's contemporaneously filed trial brief.

**I. This Court Should Preclude Engelmann from Presenting Evidence or Argument that the Lenders were not Defrauded based on Individual Employees' Knowledge.**

The government anticipates that the defendant may present evidence or argument that employees of the lender or employees of the closing company, Excel Title (arguably acting as an agent for the lender), were aware of the actual purchase prices of the properties and were aware of the kickbacks from the seller to the buyer exchanged outside of closing. The theory of defense would proceed that if the lender employees or Excel Title employees knew the actual purchase prices of the properties or knew about the cash back being exchanged between the buyer and seller outside of closing, then the lenders were put on notice of the misrepresentations and were not misled or defrauded.

But an individual employee's knowledge of material misrepresentations or deceptions is not a defense to fraud. Rather, the question is whether the financial

institution itself, not its officers or agents, was defrauded. It is the bank or lender, as an entity, that is the victim of a bank fraud. Thus, even if a bank officer or employee (or multiple officers or employees) may have known the true nature of the questioned transactions, that is not a defense to the fraud. *See United States v. Gallant*, 537 F.3d 1202, 1224 (10th Cir. 2008) (holding in the bank fraud context that it is the institution itself that is defrauded not its officers or agents and stating "[defendants] are not absolved from bank fraud by having successfully recruited BestBank officers and directors to participate in their scheme."); *United States v. Jimenez*, 513 F.3d 62, 75 (3d Cir. 2008) (asserting that "even if a bank officer or employee may have known the true nature of the questioned transaction, that is not a defense to bank fraud. Rather, the question is whether the financial institution itself, not its officers or agents, was defrauded."); *United States v. Hamaker*, 455 F.3d 1316, 1326 (11th Cir. 2006) ("The agent of a financial institution is never empowered to authorize a fraud on the institution.").

The government disputes that individual lender employees or employees of Excel Title knew that the purchase prices and cash-to-buyer figures on the HUD-1's were falsified. But even if some employee was notified of the scheme or some detail of the scheme the lenders were still defrauded into lending over 10% more than the properties were worth when they were led to believe that they were lending 10% less than the properties were worth. This deception resulted in the lenders loaning tens of thousands of dollars more than they would have loaned had they known the true figures associated with each transaction. The gravity of the misrepresentations

regarding the purchase prices and buyer proceeds and the deception of the lenders was apparent to Engelmann. If proven, the fact that Engelmann told an employee or agent of the lender about some aspect of this scheme and the fact that the individual failed to act on the information would only make the individual employee or agent a co-conspirator; it would not absolve Engelmann of criminal liability.

The government requests that Engelmann be precluded from arguing that the lenders were not defrauded because he informed an individual lender employee or agent of some part of this scheme. If the Court does allow Engelmann to present such evidence, the government requests that the Court instruct the jury that an individual bank employee's or agent's knowledge of fraud does not absolve the defendant of criminal liability for committing the fraudulent acts.

Respectfully submitted,

Nicholas A. Klinefeldt
United States Attorney

By:    /s/ John D. Keller

John D. Keller
Assistant United States Attorney
United States Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa  52801
(563) 449-5426
(563) 449-5433 fax
John.Keller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I
electronically filed the foregoing with the Clerk
of Court using the ECF system which
will send notification of such filing to defense counsel.

UNITED STATES ATTORNEY

By:   /s/ John D. Keller
        John D. Keller