IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:11-cr-47 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S SECOND** |
| | ) | **MOTION IN LIMINE** |
| MARC ROBERT ENGELMANN | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files the following motion in limine. This motion is based on the facts as outlined in the government's contemporaneously filed trial brief.

**I.    The Defendant is charged with defrauding two subprime mortgage lenders. Evidence that subprime lenders were negligent, greedy, or otherwise unseemly is not relevant. Even if true, such evidence does not make it any more or less likely that specific lenders in this case were deceived as to material facts.**

The defendant's expert disclosure provides that the defendant will call an expert witness or witnesses to testify regarding the questionable ethics of subprime lenders. Specifically, the disclosure provides that the expert witnesses may testify to: subprime lenders' proliferation of "liars' loans"; lender employees' participation in fraud; subprime lenders' motivation to fund questionable loans; subprime lenders willingness to be wilfully blind to fraud; and the lack of consequences for subprime lenders' unethical behavior. This evidence is not relevant and should be excluded under Federal Rule of Evidence 402.

Testimony regarding the subprime mortgage industry in general is not relevant to prove the practices of the specific lenders in this case. Unless a witness has personal

knowledge of the practices of the specific lenders involved in this case, any offered testimony would be speculative and should be excluded under Federal Rule of Evidence 602. Further, testimony about the specific lenders at issue in this case should be limited to relevant issues. This case involves misrepresentations regarding the purchase prices of homes and undisclosed kickbacks. Testimony about stated income loan products or "liars' loans" is not relevant. Such loan products address only buyer qualifications. The defendant is not charged with misrepresenting any fact regarding the qualifications of the buyers or seller, including employment, income, debt to asset ratios, credit scores, or other information implicated by stated income loan products. Any testimony regarding stated income loans or subprime lenders' promotion of such products is not relevant to any fact of consequence in this case and should be excluded under Rule 402. If the Court finds such testimony minimally relevant, it should still be excluded due to the risk of confusion of the issues and undue prejudice under Rule 403.

More generally, testimony about unethical practices associated with the subprime mortgage industry only attempts to blame the victims for the fraud that occurred in this case. If the lenders were deceived as to material facts and if the defendant executed or aided and abetted the deception with the intent to defraud, it makes no difference whether the victim lenders were poorly run businesses or upstanding corporate citizens. As discussed in the government's trial brief, it is no defense to unlawful conduct that the victim was unreasonable, negligent, gullible, or unsympathetic. *See United States v. Serfling*, 504 F.3d 672, 679 (7th Cir. 2007) ("the

perpetrator of a fraud may not defend himself by blaming the victim for being duped.") (citing *United States v. Coffman*, 94 F.3d 330, 333–34 (7th Cir. 1996)); *United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (collecting cases rejecting the "unreasonable victim" argument). The Court should preclude the defendant from offering evidence that denigrates the subprime mortgage industry or subprime lenders.

**II.    One element of bank fraud or wire fraud that the government must prove is that any misrepresented or omitted information was material to the banks. Only witnesses with personal knowledge of the policies of the specific lenders involved in this case should be permitted to testify as to what information was material to the lenders.**

The defendant's expert disclosure provides that the defendant will call an expert witness or witnesses to testify that the actual purchase price of a property was not material to subprime lenders' lending decisions at the time of the transactions in this case. The disclosure further provides that the expert(s) will testify that significant kickbacks were not material to subprime lenders. The Court should only permit witnesses with personal knowledge of the specific lenders' policies involved in this case to testify to what information was material to the lenders' lending decisions. Fed. R. Evid. 602. Any such testimony by other witnesses calls for speculation or is based on other lenders' policies which are not relevant in this case.

Alternatively, if such testimony is offered to show that the defendant thought such information was not material to the lenders and therefore had no intent to defraud the lenders, only the defendant's testimony is relevant on that issue. The fact that others in the community thought that actual purchase prices and kickbacks were not material to subprime lenders is not relevant as to the defendant's state of mind at

the time of the alleged offenses. The Court should preclude the defendant's experts from offering such testimony.

          Respectfully submitted,

          Nicholas A. Klinefeldt
          United States Attorney

By:   /s/ John D. Keller

          John D. Keller
          Assistant United States Attorney
          United States Courthouse, Suite 310
          131 East Fourth Street
          Davenport, Iowa  52801
          (563) 449-5426
          (563) 449-5433 fax
          John.Keller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I
electronically filed the foregoing with the Clerk
of Court using the ECF system which
will send notification of such filing to defense counsel.

UNITED STATES ATTORNEY

By:   /s/ John D. Keller
      John D. Keller