IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **Criminal No. 3:11-cr-00047-JEG** |
| vs. | |
| MARC ROBERT ENGELMANN, | **FINAL JURY INSTRUCTIONS** |
| Defendant. | |

## TABLE OF CONTENTS

<u>No.</u>  Topic
1.    Introduction
2.    Duty of Jury
3.    Evidence
4.    Direct and Circumstantial Evidence
5.    Credibility of Witnesses
6.    Indictment
7.    Definition of "On or About" or "During or About"
8.    Conspiracy: Elements of the Offense
9.    Definition of "Agreement"
10.   Definition of "Overt Act"
11.   Conspiracy: Success Immaterial
12.   Conspiracy: Multiple Offenses
13.   Conspiracy: Co-Conspirator Acts and Statements
14.   Bank Fraud: Elements of the Offense
15.   Wire Fraud:  Elements of the Offense
16.   Bank Fraud and Wire Fraud: Definition of "Scheme to Defraud"
17.   Bank Fraud and Wire Fraud: Definition of "False"
18.   Bank Fraud and Wire Fraud: Definition of "Material"
19.   Bank Fraud and Wire Fraud: Definition of "Intent to Defraud"
20.   Bank Fraud and Wire Fraud: Explanation of Proof Needed
21.   Aiding and Abetting
22.   Deliberate Ignorance
23.   Negligence of the Victim
24.   Stipulations
25.   Good Faith: Theory of Defense
26.   Proof of Intent or Knowledge
27.   Reasonable Doubt

28.  Notetaking
29.  Election of a Foreperson/Duty to Deliberate
     Verdict Form

**INSTRUCTION NO. 1.**
**INTRODUCTION**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because **all** are important.  This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, **all** instructions, whenever given and whether in writing or not, must be followed.

**INSTRUCTION NO. 2.**
**DUTY OF JURY**

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**INSTRUCTION NO. 3.**
**EVIDENCE**

I have mentioned the word "evidence".  The "evidence" in this case consists of the testimony of witnesses and the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case.

Certain things are not evidence.  I shall list those things again for you now:

1.    Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Anything you saw or heard about this case outside the courtroom is not evidence.

4.    Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

**INSTRUCTION NO. 4.**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which a jury may properly find a defendant guilty of an offense.  One is direct evidence – such as the testimony of an eyewitness.  The other is circumstantial evidence – the proof of a chain of circumstances pointing to the commission of the offense.

The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

**INSTRUCTION NO. 5.**
**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you will have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reason-ableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

The testimony of law enforcement officers or the Defendant should be considered in the same manner as any other witness.

**INSTRUCTION NO. 6.**
**INDICTMENT**

The Indictment in this case charges MARC ROBERT ENGELMANN with NINE offenses.

The Indictment charges that between approximately June 2005, and continuing to on or about July 27, 2006, Defendant ENGELMANN and others conspired to commit bank fraud and wire fraud. Defendant ENGELMANN agreed to falsify purchase prices and to omit over $275,000 of kickback payments on loan documents in connection with the sales of nine residential, rental income investment properties.  Defendant ENGELMANN misrepresented the true purchase prices and the actual amounts exchanged between the buyer and the seller in order to defraud lenders into approving and funding inflated mortgage loans for each of the nine properties.

Count ONE charges Defendant ENGELMANN with conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 371.  The conspiracy alleged in Count One involves the nine transactions in which Defendant ENGELMANN was directly involved and also encompasses similar real property transactions that do not directly involve ENGELMANN.

Counts TWO and THREE charge Defendant ENGELMANN with bank fraud based on his misrepresentations to Wells Fargo Bank, a federally insured financial institution, in relation to two real estate transactions involving the sales of properties at 6224 Appomattox Rd. and 6232 Appomattox Rd., located in Davenport, Iowa.  This is a violation of Title 18, United States Code, Sections 1344 and 2.

Counts FOUR through NINE charge defendant ENGELMANN with wire fraud based on Defendant ENGELMANN's misrepresentations to New Century Mortgage regarding the sales of seven other properties located in Davenport, Iowa.  Defendant ENGELMANN faxed documents from Iowa to Illinois that contained falsified purchase prices and that omitted cash back

payments to the buyer in relation to these transactions.  This is a violation of Title 18, United States Code, Sections 1343 and 2.

The Defendant has pleaded not guilty to the offenses charged against him.

As I told you at the beginning of the trial, an indictment is simply an accusation.  It is not evidence of anything.  To the contrary, the Defendant is presumed to be innocent.  Thus the Defendant, even though charged, begins the trial with no evidence against him.  The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of each crime charged.

**INSTRUCTION NO. 7.**
**DEFINITION OF "ON OR ABOUT" OR "DURING OR ABOUT"**

The Indictment charges that the offense was committed "on or about" or "during or about" certain dates.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date charged.

**INSTRUCTION NO. 8.**
**CONSPIRACY: ELEMENTS OF THE OFFENSE**

The crime of conspiracy as charged in Count ONE of the Indictment, has FOUR elements, which are:

(1)  During or about June 2005, two or more persons reached an agreement or came to an understanding to commit bank fraud or wire fraud;

(2)   The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

(3)  At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

(4)  While the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more overt acts for the purpose of carrying out or carrying forward the agreement or understanding.

For you to find the Defendant guilty of the crime charged under the Indictment, the Government must prove these FOUR essential elements beyond a reasonable doubt; otherwise, you must find the Defendant not guilty of the crime charged under the Indictment.

## INSTRUCTION NO. 9.
## DEFINITION OF "AGREEMENT"

The Government must prove that the defendant reached an agreement or understanding with at least one other person.  It makes no difference whether that person is a defendant or named in the indictment.  You do not have to find that all of the persons charged were members of the conspiracy.

The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.  Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding.  A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are.  Further, it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding.  A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

You must decide, after considering all of the evidence, whether the conspiracy alleged in Count One of the indictment existed.  If you find that the alleged conspiracy did exist, you must also decide whether the defendant voluntarily and intentionally joined the conspiracy, either at

the time it was first formed or at some later time while it was still in effect.  In making that decision, you must consider only evidence of the defendant's own actions and statements.  You may not consider actions and pretrial statements of others except to the extent that pretrial statements of others describe something that had been said or done by the defendant.

**INSTRUCTION NO. 10.**
**DEFINITION OF "OVERT ACT"**

It is not necessary that the act done in furtherance of the conspiracy be in itself unlawful.  It may be perfectly innocent in itself.

It is not necessary that the defendant have personally committed the act, known about it, or witnessed it.  It makes no difference which of the conspirators did the act.  This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

It is not necessary that the Government prove, beyond a reasonable doubt, that more than one act was done in furtherance of the conspiracy.  It is sufficient if the Government proves beyond a reasonable doubt, *one* such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act was done.

**INSTRUCTION NO. 11.**
**CONSPIRACY:  SUCCESS IMMATERIAL**

It is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

**INSTRUCTION NO. 12.**
**CONSPIRACY: MULTIPLE OFFENSES**

The Indictment charges a conspiracy to commit two separate crimes or offenses.  It is not necessary for the Government to prove a conspiracy to commit both of those offenses.  It would be sufficient if the Government proves, beyond a reasonable doubt, a conspiracy to commit one of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which of the two offenses was the subject of the conspiracy. If you cannot agree in that manner, you must find the defendant not guilty.

**INSTRUCTION NO. 13.**
**CONSPIRACY: CO-CONSPIRATOR ACTS AND STATEMENTS**

You may consider acts knowingly done and statements knowingly made by a defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant even though they were done or made in the absence of and without the knowledge of the defendant.  This includes acts done or statements made before the defendant had joined the conspiracy, for a person who knowingly, voluntarily and intentionally joins an existing conspiracy is responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

**INSTRUCTION NO. 14.**
**BANK FRAUD: ELEMENTS OF THE OFFENSE**

The crime of Bank Fraud, as charged in Counts TWO and THREE of the Indictment, has

THREE essential elements, which are:

(1)   The defendant knowingly executed, attempted to execute, or participated in a scheme

to defraud a financial institution to obtain monies, funds and assets owned by and

under the custody and control of a financial institution by means of material false and

fraudulent pretenses, representations, and promises.

(2)   The defendant did so with intent to defraud; and

(3)   The financial institution was insured by the United States Government.

You are instructed that the Government and the Defendant have stipulated, that is, agreed,

that Wells Fargo Bank was, during the time period alleged in the Indictment, a financial

institution insured by the United States Government.  Therefore, you must consider the third

element proven as to the Count you are considering.

For you to find the Defendant guilty of the crime charged under the Indictment, the

Government must prove these THREE essential elements beyond a reasonable doubt; otherwise,

you must find the Defendant not guilty of the crime charged under the Indictment.

**INSTRUCTION NO. 15.**
**WIRE FRAUD: ELEMENTS OF THE OFFENSE**

The crime of Wire Fraud, as charged in Counts FOUR through NINE of the indictment, has

THREE essential elements, which are:

(1)  The defendant voluntarily and intentionally devised or made up a scheme to defraud

another out of money or property, or participated in a scheme to defraud with

knowledge of its fraudulent nature, or devised or participated in a scheme to obtain

money or property by means of material false representations or promises;

(2)  The defendant did so with the intent to defraud; and

(3)  The defendant used, or caused to be used, the interstate wire facilities in furtherance

of, or in an attempt to carry out, some essential step of the scheme.

You are instructed that the Government and the Defendant have stipulated, that is, agreed,

that Defendant ENGELMANN used, or caused to be used, the interstate wire facilities to carry

out an essential step of the transactions involved in Counts FOUR through NINE.  Therefore,

you must consider the third element proven as to the Count you are considering.

For you to find the Defendant guilty of the crime charged under the Indictment, the

Government must prove these THREE essential elements beyond a reasonable doubt; otherwise,

you must find the Defendant not guilty of the crime charged under the Indictment.

**INSTRUCTION NO. 16.**

**BANK FRAUD AND WIRE FRAUD: DEFINITION OF "SCHEME TO DEFRAUD"**

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money, property, or property rights by employing material falsehoods, concealing material facts, or omitting material facts.  It also means the obtaining of money or property from another by means of material false representations or promises.  A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

**INSTRUCTION NO. 17.**
**BANK FRAUD AND WIRE FRAUD: DEFINITION OF "FALSE"**

A statement or representation is "false" when it is untrue when made or effectively

conceals or omits a material fact.

**INSTRUCTION NO. 18.**
**BANK FRAUD AND WIRE FRAUD: DEFINITION OF "MATERIAL"**

A fact, falsehood, representation, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.  However, whether a fact, falsehood, representation, or promise is "material" does not depend on whether the person was actually deceived.

**INSTRUCTION NO. 19.**
**BANK FRAUD AND WIRE FRAUD: DEFINITION OF "INTENT TO DEFRAUD"**

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss or loss of property or property rights to another or bringing about some financial gain to oneself or another to the detriment of a third party.  With respect to false statements, the defendant must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

**INSTRUCTION NO. 20.**
**BANK FRAUD AND WIRE FRAUD: EXPLANATION OF PROOF NEEDED**

The Fraud counts of the indictment charge that the defendant, along with others, devised or participated in a scheme.  The government need not prove, however, that the participants met together to formulate the scheme charged, or that there was a formal agreement among them, in order for them to be held jointly responsible for the operation of the scheme and the use of the interstate wires for the purpose of accomplishing the scheme.  It is sufficient if only one person conceives the scheme and the others knowingly, voluntarily and intentionally join in and participate in some way in the operation of the scheme in order for such others to be held jointly responsible.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, that the material wired was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, or that the use of the interstate wires was intended as the specific or exclusive means of accomplishing the alleged fraud.

## INSTRUCTION NO. 21.
## AIDING AND ABETTING

A person may be found guilty of bank fraud and/or wire fraud even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the wire fraud or bank fraud.

In order to have aided and abetted the commission of a crime a person must:

(1)   Have known wire fraud and/or bank fraud was being committed or going to be committed;

(2)   Have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the offense; and

(3)   Have intended to commit the offense.

For you to find the defendant guilty of wire fraud or bank fraud by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of the offenses were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

**INSTRUCTION NO. 22.**
**DELIBERATE IGNORANCE**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that he was aware of a high probability that the lenders were not informed of the actual sales prices of the properties and/or the cash back exchanged between the seller and the buyer and that the defendant deliberately avoided learning the truth as to whether the lenders knew. The element of knowledge may be inferred if the defendant deliberately closed his eyes to what would otherwise have been obvious to him. You may not find the defendant acted "knowingly" if you find he was merely negligent, careless or mistaken as to whether the lenders were informed of the actual sale price of the properties and the cash back exchanged between the seller and the buyer.

**INSTRUCTION NO. 23.**
**NEGLIGENCE OF THE VICTIM**

It is no defense to fraud that the victim banks were negligent in failing to discover the

fraud.

**INSTRUCTION NO. 24.**

**STIPULATED FACTS**

The government and the Defendant have stipulated -- that is, they have agreed -- that certain facts are as counsel have been stating.  You must therefore treat those facts as having been proved.

**INSTRUCTION NO. 25.**

**GOOD FAITH: THEORY OF DEFENSE**

One of the issues in this case is whether the defendant acted in good faith.  Good faith is a

complete defense to the charges of Conspiracy to Commit Bank Fraud and Wire Fraud (Count

ONE), Bank Fraud (Counts TWO and THREE) and Wire Fraud (Counts FOUR through NINE)

if it is inconsistent with the Defendant acting to conspire with one or more other persons to

commit bank and wire fraud under element one of Count ONE, or the intent to defraud under

element two of Counts TWO and THREE and element two of Counts FOUR through NINE.

Evidence that the Defendant acted in good faith may be considered by you, together with

all the other evidence, in determining whether or not he acted with intent to defraud.

**INSTRUCTION NO. 26.**

**PROOF OF INTENT OR KNOWLEDGE**

Intent or knowledge may be proved like anything else.  You may consider statements made and acts done by the Defendant, and all facts and circumstances in evidence that may aid in the determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**INSTRUCTION NO. 27.**

**REASONABLE DOUBT**

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence.  A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it.  However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**INSTRUCTION NO. 28.**

**NOTETAKING**

Throughout the trial, you have been permitted to take notes.  Your notes should be used only as memory aids, and you should not give your notes precedence over your independent recollection of the evidence.

In any conflict between your notes, a fellow juror's notes, and your memory, your memory must prevail.  Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was.  At the conclusion of your deliberations, your notes should be delivered to the court officer for destruction.

## INSTRUCTION NO. 29.

### ELECTION OF A FOREPERSON / DUTY TO DELIBERATE

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your fore-person.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict – whether guilty or not guilty – must be unanimous.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the Defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict – whether guilty or not guilty – must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  [The form reads: (read form)].  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in all of the forms, sign and date them, and advise the court security officer that you are ready to return to the courtroom.


September 13, 2011
_____
DATE

JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **Criminal No. 3:11-cr-00047-JEG** |
| vs. | |
| MARC ROBERT ENGELMANN, | **VERDICT FORMS** |
| Defendant. | |

## COUNT ONE

With regard to the crime of Conspiracy, as charged in Count One of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:


_____ GUILTY                    _____ NOT GUILTY


## COUNT TWO

With regard to the crime of Bank Fraud, based on Defendant ENGELMANN's misrepresentations to Wells Fargo Bank, a federally insured financial institution, in relation to a real estate transaction involving the sale of property at 6224 Appomattox Rd. located in Davenport, Iowa, as charged in Count Two of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:


_____ GUILTY                    _____ NOT GUILTY

## COUNT THREE

With regard to the crime of Bank Fraud, based on Defendant ENGELMANN's misrepresentations to Wells Fargo Bank, a federally insured financial institution, in relation to a real estate transaction involving the sale of property at 6232 Appomattox Rd., located in Davenport, Iowa, as charged in Count Three of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:

_____ GUILTY                    _____ NOT GUILTY

## COUNT FOUR

With regard to the crime of Wire Fraud, based on Defendant ENGELMANN's misrepresentations through Excel Title to New Century Mortgage regarding the sales of properties located at 6302 Appomattox Road and 6314 Appomattox Road, in Davenport, Iowa, as charged in Count Four of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:

_____ GUILTY                    _____ NOT GUILTY

## COUNT FIVE

With regard to the crime of Wire Fraud, based on Defendant ENGELMANN's misrepresentations through Excel Title to New Century Mortgage regarding the sale of property located at 615 West 64th Street, in Davenport, Iowa, as charged in Count Five of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:

_____ GUILTY                    _____ NOT GUILTY

## COUNT SIX

With regard to the crime of Wire Fraud, based on Defendant ENGELMANN's misrepresentations through Excel Title to New Century Mortgage regarding the sale of property located at 655 West 64th Street, in Davenport, Iowa, as charged in Count Six of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:

_____ GUILTY _____ NOT GUILTY

## COUNT SEVEN

With regard to the crime of Wire Fraud, based on Defendant ENGELMANN's misrepresentations through Excel Title to New Century Mortgage regarding the sale of property located at 671 West 64th Street, in Davenport, Iowa, as charged in Count Seven of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:

_____ GUILTY _____ NOT GUILTY

## COUNT EIGHT

With regard to the crime of Wire Fraud, based on Defendant ENGELMANN's misrepresentations through Excel Title to New Century Mortgage regarding the sale of property located at 640 West 61st Street, in Davenport, Iowa, as charged in Count Eight of the Indictment, we, the jury, find the Defendant, MARC ROBERT ENGELMANN:

_____ GUILTY _____ NOT GUILTY

## COUNT NINE

With regard to the crime of Wire Fraud, based on Defendant ENGELMANN's

misrepresentations through Excel Title to New Century Mortgage regarding the sale of property

located at 710 West 61st Street, in Davenport, Iowa, as charged in Count Nine of the Indictment,

we, the jury, find the Defendant, MARC ROBERT ENGELMANN:


_____ GUILTY                    _____ NOT GUILTY


DATE: _____                    _____

FOREPERSON