IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
|  | ) | CRIMINAL 3:10-CR-47 |
| UNITED STATES OF AMERICA, |  |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. |  |  |
|  | ) |  |
| MARC ROBERT ENGELMANN |  |  |
|  | ) | MOTION FOR NEW TRIAL |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

_____

COMES NOW Marc Robert Englemann, by and through his attorney, David R. Treimer, and moves the Court to grant this motion for new trial. In support thereof, the defendant respectfully states:

1.  **FAILURE TO PROPERLY INSTRUCT THE JURY ON "GOOD FAITH".**

Prior to trial defense counsel timely requested an instruction on "Good Faith"(Docket No. 26). The court after having reviewed the proposed instruction declined to use the defense instruction over the objection of counsel. The court chose to use an abbreviated version (Instruction No. 25, Docket No. 45). Within four hours of the start of deliberations, the jury requested further instruction on the issue of "Good Faith" (Docket No. 44). Defense counsel again requested submission to the jury the proposed defense instruction. The government

objected and the Court refused to submit further instruction to assist the jury.  Obviously, the jury was struggling with issue of "Good Faith" which resulted in the submission of the question to the court.

The defense had repeatedly elicited evidence of "Good Faith" during direct and cross examination of witnesses.  It is equally obvious that the failure of the Court to further instruct on the issue *may have* resulted in the guilty verdicts against the defendant which prejudice the defendant to his Constitutional rights to put on a defense, to effective assistence of counsel and to a fair trial under the Fifth and Sixth Amendments to the United States Constitution. Clearly there was doubt in the jury's mind, resulting in the request for further explanation.   The doubt as to the sufficiency of the instruction should demand that this Court grant the motion, as the "Good Faith" defense is closely connected to the presumption of innocence.

**2.       The Reported Violation Of The Witness Exclusion Stipulation By Government Witnesses Prevented Effective Cross-Examination Of Those Witnesses And Resulted In The Prosecutor Making False Statements To The Jury In Closing Argument Regarding Collusion Of The Witnesses In Violation Of The Defendant's Constitutional Rights To A Fair Trial And Effective Assistance Of Counsel.**

On September 14, 2011 this Court reported that contact was made with  Richard McNamara who reported he witnessed FBI Case Agent Huber advising FBI Agent McMillian as to the nature and substance of his testimony prior to Agent McMillan testifying and during a normal recess of the trial. This conversation was unknown to defense counsel at the time of occurrence and in the violation of the exclusion order.  The reported violation was  brought to the attention of defense counsel by the Court after receiving this information from McNaramra.  It is also reported that a third party was involved in this conversation, but the identity of this  person is unknown to McNamara and unknown to the defendant.

According to this Court, McNarmara said he was "outraged" during Mr. Keller's closing argument when he thought he heard Mr. Keller say two agents testified to their independent recollections. Obviously, if Mr. McNamara is correct, the prosecutor argued the government's position based on testimony that was tainted. Again this would be a violation of defendant Engelmann's Constitutional right to a fair trial. It is rare that a member of the public would come forward with such information, only being an observer of the trial. Clearly this lends creditability to his reported violation of the exclusion or sequestering of the witnesses.

WHEREFORE, the defendant respectfully requests an evidentiary hearing on the motion and requests the right to present additional evidence as it becomes available, including transcripts of witness testimony.

Respectfully submitted,

_____/s/David Treimer_____

David R. Treimer
601 Brady Street Suite 311
Davenport, Iowa 52803
563-323-7889
ttswlaw@bigplanet.com

**CERTIFICATE OF SERVICE**

I hereby declare that on September 26, 2011 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Mr. Donald Allegro
Mr. John Keller
Assistant United States Attorney

131 East 4th Street, Ste. 310
Davenport, IA 52801
*Attorney for USA*