IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARC ROBERT ENGELMANN,<br><br>　　　　Defendant. | Criminal No. 3:11-cr-00047-JEG<br><br><br>MOTION OF THE DEFENDANT FOR<br>RELEASE PENDING APPEAL AND<br>REQUEST FOR EXPEDITED HEARING<br>ON THE MOTION |

　　　　The defendant Marc Robert Engelmann, pursuant to Federal Rules of Criminal Procedure 46(c) and 9(b) and 18 U.S.C. § 3143(b), moves the court for release pending appeal. In support of his motion, Engelmann states:

　　　　1.　　Engelmann was charged with and ultimately found guilty (by jury verdict returned on September 13, 2011) of the following offenses: (1) Conspiracy to Commit Bank Fraud and Wire Fraud in violation of 18 U.S.C. § 371 (Count One of the Indictment); (2) Bank Fraud in violation of 18 U.S.C. § 1344 (Counts Two and Three); and (3) Wire Fraud in violation of 18 U.S.C. § 1343 (Counts Four through Nine). These charges arose out of the general fact allegation that Engelmann conspired with others to defraud lending banks through a dual purchase pricing scheme involving nine apartment properties (with an inflated purchase price provided to the lending institutions and a lower actual sales price agreed upon between seller and buyers). Each of the nine charged counts required the government to prove beyond a reasonable doubt that, among other things, Engelmann acted with fraudulent intent. Good faith is a complete defense to federal offenses that contain fraudulent intent as an essential element. Engelmann raised the good faith defense.

1

2.	Engelmann timely requested the court to read to the jury the eighth circuit's stock good faith instruction (model criminal instruction no. 9.08) that is based on the circuit's opinion in *United States v. Ammons,* 464 F.2d 414 (8th Cir.), *cert. denied,* 409 U.S. 988 (1972), and cases subsequently decided thereto.  The court did not do so; to the contrary, the court submitted a truncated good faith instruction (instruction no. 25) that substantively only told the jury that Englemann's good faith would constitute a complete defense to all nine charges against him.  The court's instruction did not tell the jury anything else of substance about the good faith defense, including what "good faith" meant (either in particular or even in general).  Engelmann objected to the court's good faith instruction, both before the instruction was submitted to the jury and again after (at least two) jurors raised a predictable question concerning that instruction—"could you please further define "good faith?"—(and predictable in the sense that the court's submitted instruction provided no definition of what "good faith" entailed).  Nor did the court's other instructions (and particularly the instructions on fraudulent intent and knowledge ("deliberate ignorance")) adequately (or even purportedly) apprise the jury as to the meaning of good faith in general or in the context of this case in particular.

3.	As pertinent to this motion, Engelmann was sentenced on January 26, 2012 to a 36 months' period of incarceration.  Engelmann is under an order to self-report to prison when he receives notification from the BOP.  From the start of this case and until the present, Engelmann has remained out on bond (a $250,000.00 unsecured bond).  He has no reported violations of his bond and release requirements.  Engelmann has appeared as required throughout these proceedings.  He has timely filed his notice of appeal from his convictions and sentence.

4.	Engelmann should be ordered released from detention pending completion of his appeal under § 3143(b).  Engelmann was not convicted of and sentenced for an offense that

would disqualify him from release under the post-sentencing release statute. As indicated, he has filed his notice of appeal. Accordingly, Engelmann qualifies for release if he can show each of the following:

    a.    First, that the clear and convincing evidence shows he is not likely to flee or pose a danger to the safety of any other person or the community. Engelmann easily makes this showing—he is not a flight risk or a danger to others.

    b.    Second, that his appeal is not for delay and raises a substantial question of law or fact likely to result in either a reversal of the convictions, a new trial or a meaningful sentencing reduction (that would reduce the term of imprisonment to less than the expected duration of the appeal process). A "substantial question" is one that is close—such that it could go either way—and is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will be ordered (or the requisite sentencing relief granted) if the question is decided in Englemann's favor. (Note the burden of proof on this element is not the clear and convincing standard applicable to flight or danger risk.) At the minimum, Engelmann raises such a question in that part of his upcoming appeal challenge based on the erroneous jury instruction on the good faith defense. That defense applies to all counts on which Engelmann was convicted, and as such if he prevails on appeal on this issue then his convictions will be reversed (and he will become entitled to a new trial). And this appeal issue is (again, at the minimum) at least close—particularly given that Engelmann requested a circuit approved good faith instruction that the district court refused to submit, and the instruction that the court did submit did not fairly and adequately apprise the jury of the substance of the good faith defense (and even when factoring in the instructions as a whole, including the separate instructions on fraudulent intent and deliberate ignorance).

5. A supporting brief, in which these two §3143(b) factors are more particularly addressed, accompanies this motion.

6. Good cause exists for the court to schedule this motion for a hearing given the strength of the appeal issue raised. Also, the hearing should be expedited because, based on information and belief, a letter has issued from the BOP to Engelmann that instructs him to report on March 6th to FCI Terre Haute to begin to serve his 36 months' prison term.

WHEREFORE, the defendant prays that the court grant this motion and order the defendant released (under the existing terms of his pre-sentence release bond) pending completion of the appeal proceedings.

/s/ S.P. DeVolder

---

S.P. DeVolder          AT0001876
THE DeVOLDER LAW FIRM
1228 Sunset Drive, Suite C
Norwalk, IA 50211-2401
Tel: (515)981-5150
Fax: (515)981-5156
steven.devolder@devolderlawfirm.com
ATTORNEY FOR THE DEFENDANT

CERTIFICATE OF SERVICE

The undersigned declares that on February 15, 2012 the foregoing document was filed with the clerk of court using the ECF system and that service of this document on the following counsel of record listed below was perfected on that same date through that electronic filing system:

Donald Allegro, Esq.
John Keller, Esq.
Assistant United States Attorneys
Office of the United States Attorney
131 East 4th Street, Suite 310
Davenport, IA 52801

/s/ S.P. DeVolder

---

S.P. DeVolder

4