IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARC ROBERT ENGELMANN<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No. 3:11-cr-47<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL** |

The United States of America, by and through the undersigned Assistant United States Attorney, opposes Defendant's Motion for Release Pending Appeal, ECF No. 89, and requests that the motion be denied.

## I. FACTS

Engelmann represented James Laures at closings for the sales of nine residential, rental-income properties. Laures was the seller and Robert Herdrich and Darryl Hanneken were the buyers. Laures and Hanneken agreed on a sales price for each property. They then agreed to list a higher price for each property on loan documents. As a result, in each transaction lenders unknowingly loaned Herdrich and Hanneken, the buyers, tens of thousands of dollars more than the true prices of the properties. Laures received the inflated price for each sale and then kicked back approximately $30,000 to Herdrich and Hanneken after each closing. This arrangement allowed Herdrich and Hanneken to pocket almost $300,000 of loan proceeds that the lenders believed was being paid in-full to Laures. The lenders never knew that any money was being kicked back from Laures to Herdrich and Hanneken and similarly did not know that there were dual prices for each property.

As Laures's attorney, Engelmann knew about the two prices and knew about the

kickbacks. Engelmann also knew that the actual prices and the kickbacks were not reflected on the HUD-1 forms provided to the lenders. According to the testimony of numerous Excel Title witnesses, Engelmann never disclosed the kickbacks to the closing company, Excel Title. Engelmann's assistant, Cathy Gockel, testified that Engelmann specifically instructed her not to inform Excel Title about the two prices or the kickbacks. FBI Special Agents Huber and McMillan testified that Engelmann admitted during an interview that the lenders did not know about the two prices or the kickbacks and that he knew that the lenders didn't know.

Engelmann testified and admitted that he knew about the dual prices and the kickbacks. He also admitted that he knew the HUD-1 forms omitted the actual prices and the kickbacks for each property. And he admitted that the HUD-1 forms were provided to the lenders. Engelmann claimed, however, that he disclosed the dual prices and the kickbacks to Excel Title. Engelmann testified that he believed that Excel Title informed the lenders of all material information and that therefore, he had no intent to defraud and acted in good faith. Engelmann was convicted on all counts: one count of conspiracy to commit bank fraud and wire fraud; two counts of bank fraud; and six counts of wire fraud.

## II. PROCEDURAL HISTORY

Engelmann was indicted on May 17, 2011. Engelmann's jury trial commenced on September 6, 2011. On September 13, 2011, he was convicted on all nine counts. Engelmann filed a motion for new trial on September 26, 2011, and the motion was denied on November 11, 2011. Engelmann was sentenced to 36 months imprisonment and five years supervised release on January 26, 2012. The Court ordered $392,937.73 in restitution on February 3, 2012. Engelmann filed a timely notice of appeal on February 8, 2012. On February 15, 2011,

Engelmann filed a motion for release pending his appeal.

## III. ARGUMENT

Title 18, United States Code, Section 3143(b) addresses the detention or release of a defendant who has been convicted and sentenced and whose case is pending on appeal. Detention is mandated unless the defendant can establish (1) that he is not likely to flee or pose a danger to the community and (2) that the appeal raises a substantial, non-frivolous issue likely to result in relief that would affect the defendant's custodial status. 18 U.S.C. § 3143(b). The statute provides in pertinent part:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

The defendant argues that he does not pose a danger to the community or a risk of flight and that his appeal is likely to result in an order for a new trial. Memo in Support of Mot. For Release, ECF No. 89-1. The government agrees that the defendant is not likely to flee and does

not pose a danger to the community. But Engelmann's appeal is not likely to result in a reversal and/or an order for a new trial. The defendant argues that the Court's instruction on good faith was error; he made the same argument in his Motion for New Trial which the Court denied. *See* Mot. For New Trial 2, ECF No. 53; Order Denying Motion for New Trial, ECF No. 57. The Court properly instructed the jury on good faith, bank fraud, wire fraud, and intent to defraud. The Court's instructions were all correct statements of the law and apprised the jury that good faith was a complete defense to the charges. Nothing more was required.

The Eighth Circuit Model Instruction on good faith provides the following:

> One of the issues in this case is whether the defendant acted in good faith. Good faith is a complete defense to the charge of (insert charge) if it is inconsistent with (insert mental state required by statute, e.g., intent to defraud or willfully) which is an element of the charge.
>
> [(Insert further instruction defining good faith in terms of the particular statute and requisite mental state, incorporating the specific factors on which the defendant relies, if appropriate.)]
>
> Evidence that the defendant acted in good faith may be considered by you, together with all the other evidence, in determining whether [he] [she] acted (. . . with intent to defraud . . . .).

Eighth Circuit Manual of Model Jury Instructions, Criminal, 9.08 (2011). The defendant requested that the Court give the model instruction but also requested that the Court elaborate on good faith with language from *United States v. Ammons*, 464 F.2d 414, 417 (8th Cir. 1972). Mot. For New Trial, Attachment 1 at 2, ECF No. 53-1. The Court declined to give the defendant's requested language from *Ammons* and gave only the model instruction.

When a specific jury instruction is challenged, the Court reviews the challenged instruction in the context of all of the instructions. *See United States v. Whitehill*, 532 F.3d 746, 752 (8th Cir. 2008) ("We determine the adequacy of instructions by looking at them as a whole

and in the context of the trial.") (internal citation omitted). Although defendants are generally entitled to an instruction on good faith if it is supported by the evidence, "they are not entitled to a particularly worded instruction." *See id.* Further, a challenged instruction will be upheld if it "adequately and correctly covers the substance of the requested instruction." *Id.*

In *United States v. Whitehill*, the defendants asserted a good faith defense by arguing that they lacked any intent to defraud. *See id.* The defendants submitted a direct quote from *Ammons* as their requested instruction on good faith. *See id.* ("Defendants . . . requested the jury be told: 'In order to establish fraudulent intent on the part of a person, it must be established that such person knowingly and intentionally attempted to deceive another.'"). The district court rejected the defendants' requested instruction in favor of the model instruction. *Id.* And the Eighth Circuit affirmed the defendants' conviction, holding that the model instruction "clearly defined good faith." *Id.* The Eighth Circuit considered the requested language from *Ammons* to be cumulative and unnecessary. *See Whitehill*, 532 F.3d at 752.

The Court properly instructed the jury on good faith, and the Court's refusal to include the defendant's requested language from *Ammons* was not error. *See Whitehill*, 532 F.3d at 752. The Court instructed the jury that one element of both bank fraud and wire fraud was that the defendant acted "with the intent to defraud." Final Jury Instructions, Nos. 14 & 15, ECF No. 45. The Court explained that to act with the intent to defraud means "to act knowingly and with the intent to deceive someone . . . ." Final Instructions, No. 19. The Court informed the jury that the defendant's mistake or negligence was not enough to sustain a guilty verdict: "You may not find the defendant acted 'knowingly' if you find he was merely negligent, careless or mistaken . . . ." Final Instructions, No. 22. The Court also instructed the jury that the defendant was presumed

innocent and could only be found guilty if the government proved each essential element of the charged offenses beyond a reasonable doubt. Final Instructions, No. 6. And the Court instructed the jury that good faith was a complete defense to fraud if it was inconsistent with the intent to defraud. Final Instructions, No. 25. The defendant's requested, particularly worded instruction did not cover any additional aspect of the good faith defense that was not already provided in the Court's instructions. Though the defendant may believe that the language from *Ammons* explains good faith in a more favorable tone than the pattern instruction, he is not entitled to the description of his choice. *See Whitehill*, 532 F.3d at 752; *United States v. Prude*, 489 F.3d 873, 883 (7th Cir. 2007) ([Defendant's] instruction is more clearly worded and more directly links the relevant concepts for the jury. Nevertheless, the good faith [instruction] accurately stated the law and, taken together with the instructions as to the specific intent element of the offense and the instructions regarding the meaning of knowledge, adequately apprised the jury . . . .").

The defendant relies heavily on *United States v. Casperson*, 773 F.2d 216 (8th Cir. 1985) and *United States v. Hopkins*, 744 F.2d 716 (10th Cir. 1984) in support of his claim that the good faith jury instruction issue will be a close question on appeal. Memo in Support of Mot. For Release 5–10, ECF No. 89-1. But the Eighth Circuit has already addressed the defendant's arguments and the decision in *Casperson* directly. *See United States v. Brown*, 478 F.3d 926, 927–28 (8th Cir. 2007) (holding in a mortgage fraud case that the district court did not err in refusing to instruct the jury on good faith because the court adequately instructed the jury on the elements of conspiracy and wire fraud and stating "*Casperson* is distinguishable because we find that in this case, the instructions given adequately covered the same ground that any good-faith instruction would have covered."). The charges, facts, and instructions in Engelmann's case are

extremely similar to those in *Brown*. *See Brown*, 478 F.3d at 927–28. In this case the Court not only instructed the jury sufficiently on the elements of wire fraud, bank fraud, intent to defraud, and conspiracy (as the district court did in *Brown*) but also provided a specific instruction on good faith.

With respect to the defendant's extensive reliance on *Hopkins*, the Tenth Circuit has explicitly overruled that case:

> [O]ur prior decision in *United States v. Hopkins*, 744 F.2d 716 (10th Cir.1984) (en banc) is overruled for two reasons. First, in the twenty-five years since we issued Hopkins, every one of our sister circuits has come to reject the idea that district courts must give a separate "good faith" jury instruction in fraud cases. As they have explained, and we agree, a separate good faith instruction is not necessary 'because a finding of the intent to defraud ... necessarily implies that there was no good faith.' *United States v. Chavis*, 461 F.3d 1201, 1209 n. 1 (10th Cir.2006) (cataloguing the views of every other circuit). Second, while we indicated in *Hopkins* that failure to give a good faith instruction was per se reversible error, the Supreme Court has since explained that a 'trial court's failure to instruct a jury on all of the statutory elements of an offense is subject to harmless-error analysis.' *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ( per curiam ); *see also Neder v. United States*, 527 U.S. 1, 9 (1999) ("[A]n instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence."); Fed.R.Crim.P. 52(a).

*United States v. Bowling*, No. 08-6184, 2009 WL 6854970, at *1 n.1 (10th Cir. 2009) (en banc) (unpublished opinion). Though unpublished and of no precedential weight, *Bowling* establishes that *Hopkins* is no longer good law in the Tenth Circuit, much less the Eighth. The issue presented for appeal is not a close one. The defendant should remain in custody pending his appeal.

WHEREFORE, the government respectfully requests that the Court DENY the defendant's Motion for Release Pending Appeal without a hearing.

Respectfully submitted,

Nicholas A. Klinefeldt
United States Attorney

By: /s/ John D. Keller
John D. Keller
Assistant United States Attorney
United States Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa 52801
(563) 449-5426
(563) 449-5433 fax
John.Keller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to defense counsel.

UNITED STATES ATTORNEY

By: /s/ John D. Keller
John D. Keller