IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-CR-00047 |
| v. | ) | |
| | ) | |
| MARC ROBERT ENGELMANN, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION OF THE DEFENDANT
FOR STAY OF GARNISHMENTS

The defendant Marc Robert Engelmann, pursuant to Fed.R.Crim.P. 38(e)(1), moves the court for a stay of the Notices of Garnishment issued by the clerk and the Writ of Continuing Garnishment applied for by the government; in addition, Engelmann further requests that if the garnishments are not stayed then any garnished sums should be paid into the registry of the court as opposed to turned over to the government (or to the entities awarded restitution in this case). Engelmann states the following in support of his motion.

INTRODUCTION

On January 26, 2012 (and as subsequently amended on February 3rd and March 6th) [the last being docket entry no. 95] a criminal judgment was entered against Engelmann in this matter; relevant here that is the judgment included a restitution award totaling $392,937.73 (broken down in the indicated amounts awarded to the following alleged "victims": JP Morgan Chase ($108,560.48); Lehman REO-ALS ($57,839.91); and New Century Liquidating Trust ($226,537.34)) and an assessment of $900.00.  The judgment was entered following a jury verdict that declared Engelmann guilty of nine criminal counts (count 1—conspiracy, 18 U.S.C.

1

§ 371; counts 2-3—bank fraud, 18 U.S.C. §§ 1344 and 2; and counts 4-9—wire fraud, 18 U.S.C. §§ 1343 and 2). The criminal counts arose out of the basic fact allegation that Engelmann assisted (conspired with) others who were involved (buyers, sellers, mortgage broker and etc.) in fraudulently obtaining financing for property purchases from subprime mortgage lenders.

The government on May 11, 2012 filed applications for writs of continuing garnishment on three entities that the government believes may hold assets belonging to Engelmann: T. Rowe Price Associates, Inc. [docket no. 108]; SE National Bank [no. 109]; and The Vanguard Group [no. 110]. The clerk dutifully issued the garnishment notices. The clerk's notices of garnishment returned to the government on May 15th [nos. 111, 112 and 113] and were served on Engelmann by the government through certified mailing received by Engelmann's counsel on May 17th. The government in each of its garnishment applications (and in the clerk's notice) states "that this garnishment action is being taken by the United States of America, which has a judgment in this case in the sum of $393,837.73 for a criminal debt." (Notice of garnishment, [no. 112-1], at page 1.) Accordingly, the government's garnishment is based solely on the restitution award and assessment amount specified in the criminal judgment as amended.

Engelmann has perfected a direct appeal from the criminal judgment, which appeal is presently pending before the Eighth Circuit Court of Appeals. The briefing stage of the appeal is completed, and the circuit has screened the appeal for oral argument and has issued an order that oral argument will be scheduled (that is, oral argument has been granted). Engelmann in his appeal challenges the restitution award on two different bases: (1) that the convictions themselves should be overturned (which would necessitate reversal of all aspects of the criminal judgment); and (2) that the restitution order itself should be reversed (which if granted would

result in reversal in whole or in part of the restitution award even if the underlying criminal convictions themselves are not reversed).

## ARGUMENT

The government filed its garnishment applications (and the clerk issued the notices based on those applications) pursuant to the Fair Debt Collection Procedure Act, 28 U.S.C. § 3205. *See id.,* at § 3205(a) ("A court may issue a writ of garnishment against property . . . if the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."). Where, as here, the debtor (criminal defendant) is challenging on direct appeal his criminal judgment—either the underlying convictions or the restitution awards, or both—then rule of criminal procedure 38 comes into play; that rule permits the appealing defendant to obtain a stay of any sentence providing for restitution. Fed.R.Crim.P. 38(e)(1) ("If the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution . . . . "). The use of the word "may" "shows that the decision to issue a stay [while the defendant pursues a direct appeal of his criminal conviction and the restitution award] is committed to the discretion of the sentencing court." *United States v. Bird,* 2:09cr15 at *4-5 (W.D.N.C. 12-07-2009) (citing *United States v. Parikh,* 858 F.2d 688 (11th Cir.1988)).

Criminal procedure rule 38 further provides that the district court "may issue any order reasonably necessary to ensure compliance with a restitution order" pending the disposition of defendant's appeal, including issuing a restraining order, an injunction, an order requiring any garnished funds to be deposited in the court's registry or an order requiring defendant to post bond. Fed.R.Crim.P. 38(e)(2)(A)-(D). *See also Bird, supra; Parikh, supra,* 858 F.2d 688; *United States v. Ginglen,* 2007 WL 2909359 (C.D.Ill. 2007); *Beardslee v. United States,* 2008

WL 4334711 (N.D.Cal. 2008) (each case standing for the proposition that the district court should require the government to deposit any garnished funds obtained into the court's registry—as opposed to turning those funds over to the "victims" awarded restitution—pending completion of the defendant's direct appeal, so that "if the [criminal] judgment is reversed, [the defendant] can move that the government return [his] money." *Beardslee,* 2008 WL 433711 at * n. 2.).

So the district court can stay the garnishments pending Engelmann's completion of his direct appeal; or, at the minimum, in the event the court does not stay the garnishment proceedings then it can order any amounts garnished be deposited into the court's registry so that those amounts can be returned to the defendant in the event the defendant is successful in his appeal challenge to the restitution award.

In this case, the district court should exercise its discretion and stay the garnishments pending Engelmann's completion of his direct appeal (of both his convictions and the restitution award). Engelmann presently is incarcerated as his appeal progresses. He has not moved any assets from the accounts identified in the PSR into newly created accounts not so identified—and the government has no evidence that he has (indeed, the government sent its garnishments to the accounts that were identified in the PSR; and those accounts still exist). Engelmann had fully identified his assets when the PSR was prepared. Engelmann (had he chosen to do so) had ample time from the date of his conviction (September 13, 2011) and the date the court entered its restitution award (February 3, 2012 [docket entry no. 81]) to have transferred and hidden the assets identified in the PSR (if that had been his intent)—the government did not file its motion for writs of continuing garnishments until more than three months later (on May 11, 2012 [docket nos. 108, 109 and 110]). Engelmann only has applied his assets to his on-going

4

expenses (including funding his other assets, such as his real properties (also identified in the PSR) for mortgage payments and the like).  Engelmann should be entitled to continue to fund his ongoing monthly expenses (mortgage payments, property taxes, divorce-ordered payments to ex-spouse, etc.) while his appeal progresses in the circuit.

And it's not like the so-called "victims" in this matter a hard-up for the cash—this is not a case where the defendant's fraud drained a bunch of retirees' accounts (like a Bernie Madoff case).  We are dealing with large banks and brokerage houses here: JP Morgan Chase; Lehman REO-ALS; and New Century Liquidating Trust.  As for the two entities first listed—the bank and investment house—even the government in its appeal brief acknowledges that "closer questions" are raised as to the propriety of the restitution awarded to them.  (Government appeal brief, at page 33: "With respect to two other victims awarded restitution, JP Morgan Chase and Lehman REO-ALS, the government concedes that their summary loss statements coupled with their unwillingness or inability to provide further explanation for the losses present closer questions as to the sufficiency of the evidence [for restitution purposes] at sentencing.")  The bottom-line is that Engelmann has a very realistic shot of obtaining, at the minimum, significant (if not complete) relief from the restitution award on appeal.

* * *

The court should stay the government's garnishments pending the completion of Engelmann's direct appeal (that challenges both his convictions in general and the restitution award in particular).  In the alternative, should the court not stay the garnishments then it should order the government to deposit any funds garnished into the court's registry and so that those funds can be promptly returned to Engelmann in the event he obtains relief on appeal.

/s/   S.P. DeVolder
_____
S.P. DeVolder
THE DeVOLDER LAW FIRM
1228 Sunset Drive, Suite C
Norwalk, IA 50211-2401
Tel: (515)981-5150
Fax: (515)981-5156
steven.devolder@devolderlawfirm.com

ATTORNEY FOR THE DEFENDANT

CERTIFICATE OF SERVICE

This document was served on all counsel of record automatically by the court's ECF system at the time of filing, which is June 1, 2012.

/s/ S.P. DeVolder
_____