UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CRIMINAL Court. No. 3:11-CR-00047 |
| | ) | |
| v. | ) | |
| MARC ROBERT ENGELMANN, | ) | |
| Defendant(s), | ) | |
| | ) | |
| and | ) | |
| THE VANGUARD GROUP, INC., | ) | |
| Garnishee | ) | |
| | ) | |

**MOTION FOR FINAL ORDER OF GARNISHMENT**

The plaintiff, the United States of America, requests that the Court issue a Final Order of Garnishment pursuant to 28 U.S.C. §3205 to the Garnishee, The Vanguard Group, Inc..

1. On May 11, 2012, the plaintiff filed an Application for a Writ of Continuing Garnishment requesting that the Clerk issue a Writ upon the Garnishee, The Vanguard Group, Inc., for the purpose of garnishing the defendant's property to satisfy a judgment owed to the plaintiff in the amount of $394,737.73. As of June 26, 2012, the Defendant owes the amount of $392,937.73.

2. The Clerk issued the Writ of Continuing Garnishment on May 15, 2012. (Doc. # 112)

3. On May 21, 2012, the Writ of Continuing Garnishment was served upon the Garnishee. The Garnishee filed its Answer on May 30, 2012, stating that the Garnishee had in its possession and control property belonging to the defendant . (Doc.#114).

4. On or about May 16, 2012, the Writ of Continuing Garnishment and a Clerk's Notice of Post judgment Garnishment and Instructions to Defendant was sent by certified mail to counsel for the defendant, which notified the defendant of available exemptions and the right to request a

hearing within 20 days from the date of service of the Clerk's Notice or from the date of service of the Garnishee's Answer, whichever is later. The documents were received by counsel on May 17, 2012.

5. More than 20 days have elapsed since the defendant was served with the Clerk's Notice and the Garnishee filed its Answer.

6. On or about June 1, 2012, Defendant filed his Motion of the Defendant For Stay of Garnishments. The United States filed its Resistance and on June 14, 2012, the Court entered a Stay Order that did not impose a stay, but required all funds obtained pursuant to the Writs of Continuing Garnishment, ECF Nos. 111, 112, and 113, be deposited into the District Court's Registry until further order of this Court.

7. All conditions to the issuance of a final order of garnishment against the nonexempt property of the defendant is fully satisfied and the entry of a final order of garnishment is appropriate.

WHEREFORE, the United States requests that the Court issue a Final Order of Garnishment requiring the Garnishee, The Vanguard Group, Inc., to pay to the United States Clerk of the District Court all non-exempt property in its possession belonging to the defendant. The funds are to be deposited in the Court's registry pending further order of the Court.

        Respectfully Submitted,

        Nicholas A. Klinefeldt
        United States Attorney

By:  */s/Maureen McGuire*
        Maureen McGuire
        Assistant United States Attorney
        U. S. Courthouse Annex, 2nd Floor
        110 E. Court Avenue
        Des Moines, Iowa 50309
        Tel: (515) 473-9354
        Fax: (515) 473-9292
        Email: maureen.mcguire@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on   June 27, 2012   , I electronically filed the foregoing with the Clerk of Court using the ECF system and that a true copy of the Motion For Order of Continuing Garnishment, was served by U.S. First Class Mail upon the following on   June 27, 2012   .

Steven P. DeVolder, Attorney at Law

The Vanguard Group, Inc.

/s/Deb Clark
Deb Clark
Program Manager