IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 3:11-cr-00047-JEG |
| Plaintiff, ) | |
| vs. ) | MOTION OF THE DEFENDANT |
| ) | FOR RELEASE PENDING APPEAL |
| MARC ROBERT ENGELMANN, ) | AND DURING LIMITED REMAND |
| ) | PROCEEDING |
| Defendant. ) | |

The defendant Marc Robert Engelmann moves, pursuant to criminal procedure rules 46 and 9 as well as 18 U.S.C. § 3143(b), for release pending his appeal (and specifically pending the period of limited remand for the hearing and decision on a basis set forth in his earlier new trial motion—whether the FBI agents violated the sequestration order and to the prejudice of Engelmann). The circuit on December 19th issued a ruling that vacated the district court's denial of Engelmann's new trial motion on this issue and ordered a limited remand to the district court for an evidentiary hearing and decision on it. *United States v. Engelmann,* No. 12-1343, (8th Cir. 12-19-2012) (hereafter *Slip opinion*). Engelmann presently is incarcerated at FCI Terre Haute pursuant to the district court's sentencing order entered in this case.

The statute, § 3143(b), permits the district court to release an incarcerated defendant pending his appeal and on an issue related thereto when the defendant shows "(A) by clear and convincing evidence that [he] is unlikely to flee or pose a danger to others, and (B) that his appeal 'raises a substantial question of law or fact' that is likely to result in reversal, new trial, or reduction to a sentence that would be served before disposition of the appeal." *United States v. Marshall,* 78 F.3d 365, 366 (8th Cir.1996).

1

Engelmann is not a flight risk or a danger to others. He is 60 years old, had never previously been in any criminal trouble, has his ties to the Scott County, Iowa, community, and his family, friends and professional interests are substantially located there. Engelmann always had appeared at the district court proceedings, did not ever pose a danger to anyone, and he promptly fulfilled his voluntary reporting obligation to the federal prison at which he is currently serving his sentence. He has caused no problems during his incarceration.

The real question raised involves the second part of the statutory test—and, given the circuit's ruling, Engelmann has met that test. Section 3143(b)(B) requires Engelmann to show that his appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in—reversal, [or] (ii) an order for new trial." The en banc circuit described what a "substantial question" means under the statute in the following manner:

> To sum up: We hold that a defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show the question presented is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show simply that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still "reasonable") or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely to probable that he or she will prevail on the issue on appeal.

*United States v. Powell,* 761 F.2d 1227, 1233-34 (8th Cir.1985) (en banc). Once the defendant makes this showing, then he must demonstrate that the close question "is so integral to the merits of the conviction that it is more probable than not that reversal or new trial will occur if the question is decided in the defendant's favor." *Id.* at 1234.

Engelmann has made the required showing here. The question—concerning the FBI agents' purported violation of the sequestration order and the prejudice to Engelmann—was substantial enough for the majority of the circuit panel to issue a limited remand of this case to

the district court and in order for that court to "hold an evidentiary hearing concerning the Agents' alleged conversation, to make supplemental findings of fact, and to reconsider Engelmann's motion for new trial in light of any evidence presented at that hearing." *Slip opinion*, at page 8.  Engelmann has shown that the question (concerning the sequestration issue) is "substantial" in the sense it is at the minimum "close" or "could go either way"—the circuit panel entered its limited remand on the very basis that the issue is significant (remands with an evidentiary hearing order are not issued over trivial or frivolous matters).  And the issue remanded for the district court's decision in the first instance does go to the merits of the conviction that is subject to the present appeal—Engelmann would be entitled to a new trial on all of his convictions should he prevail on the limited remand issue.

Engelmann accordingly prays that the court grant this motion and order Engelmann's release from prison (pending his appeal or, at the minimum, during the limited remand period) and under his own recognizance or subject to reasonable bond terms.

/s/ S.P. DeVolder

S.P. DeVolder          AT0001876
THE DeVOLDER LAW FIRM
1228 Sunset Drive, Suite C
Norwalk, IA 50211-2401
Tel: (515)981-5150
Fax: (515)981-5156
steven.devolder@devolderlawfirm.com
ATTORNEY FOR THE DEFENDANT

CERTIFICATE OF SERVICE

      The undersigned declares that on December 21, 2012 the foregoing document was filed with the clerk of court using the ECF system and that service of this document on the following counsel of record listed below was perfected on that same date through that electronic filing system:

Donald Allegro, Esq.
John Keller, Esq.
Assistant United States Attorneys
Office of the United States Attorney
131 East 4th Street, Suite 310
Davenport, IA 52801

/s/  S.P. DeVolder

S.P. DeVolder