IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:11-cr-47 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S SECOND MOTION** |
| MARC ROBERT ENGELMANN | ) | **FOR RELEASE** |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the undersigned Assistant United States Attorney, opposes Defendant's Second Motion for Release Pending Appeal, ECF No. 138, and requests that the Court deny the motion or defer ruling on the motion until after the evidentiary hearing on the motion for new trial.

Title 18, United States Code, Section 3143(b) addresses the detention or release of a defendant who has been convicted and sentenced and whose case is pending on appeal. Detention is mandated unless the defendant can establish (1) that he is not likely to flee or pose a danger to the community and (2) that the appeal raises a substantial, non-frivolous issue likely to result in relief that would affect the defendant's custodial status. 18 U.S.C. § 3143(b).  The defendant previously moved for release pending appeal and the motion was denied.  ECF Nos. 89 & 94. The only change in circumstances that has occurred since the Court's denial of Engelmann's earlier motion is the limited remand from the Eighth Circuit for an evidentiary hearing on the issue of whether FBI agents violated the Court's sequestration order at trial.  In the Eighth Circuit's order, the majority stated: "The evidentiary hearing might reveal that the Agents' conversation did not concern their trial testimony, that the conversation never took place at all, or that Engelmann was not otherwise prejudiced by the conversation." *United States v.*

1

*Engelmann*, No. 12-1343, 2012 WL 6601317 (8th Cir. 2012).  Unless this Court finds at the evidentiary hearing that the agents did in fact collude and detail witness testimony to one another, the merits of Engelmann's case on appeal are no different than they were when the Court denied his first motion for release.  Absent such a finding, Engelmann would have no greater likelihood of obtaining relief on appeal and his continued detention would remain appropriate.

WHEREFORE, the government respectfully requests that the Court defer ruling on the defendant's second motion for release until after the evidentiary hearing scheduled for February 15, 2013.  Alternatively, the government respectfully requests that the Court deny the motion for release.  The defendant will have the opportunity to file a third motion for release after the evidentiary hearing based on the Court's findings.

Respectfully submitted,

Nicholas A. Klinefeldt
United States Attorney

By:    /s/ John D. Keller
John D. Keller
Assistant United States Attorney
United States Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa  52801
(563) 449-5426
(563) 449-5433 fax
John.Keller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I
electronically filed the foregoing with the Clerk
of Court using the ECF system which
will send notification of such filing to defense counsel.

UNITED STATES ATTORNEY

By:   /s/ John D. Keller        
      John D. Keller